ROBERT S. MOYE AND MRS. LUCY G. MOYE v. THE TOWN OF GREENVILLE.

(Filed 5 October, 1932.)

1. **Actions B e—Action in this case was for trespass by city and not for damages for taking property for public use.**

    Where in an action against a city the complaint alleges that the city had trespassed upon the plaintiff's land and seeks to recover damages therefor, and the city admits that it had never condemned the property but contends that it was dedicated to public use by the plaintiff's grantor and that it had acquired title by adverse user and that the action was barred by the statute of limitations: *Held,* a provision in the city charter prescribing certain procedure for the taking of land for city streets by condemnation has no application since such charter provisions contemplate only the taking of property for public use by formal action of the city, and the city's motions to dismiss for want of jurisdiction in that the charter procedure had not been followed and for want of the complaint to sufficiently allege a cause of action are properly overruled.

2. **Trial D a—Motion of nonsuit must be renewed at close of evidence in order to be considered on appeal.**

    Where a motion as of nonsuit is not renewed at the close of all the evidence it need not be considered on appeal.

3. **Evidence H a—Testimony in this case held incompetent as hearsay.**

    In an action against a city for trespass to private lands testimony by the plaintiff that the mayor of the town, who was not a witness, had told her that if she would defer the action for a certain time he was sure that he could get her claim approved is held incompetent as hearsay evidence and constituted prejudicial error upon the city's exception and appeal.

APPEAL by defendant from *Cranmer, J.,* at March Term, 1932, of PITT. New trial.

The plaintiffs filed a complaint alleging that they are the owners of a lot in the town of Greenville, that the defendant, without right, title, or authority, trespassed thereon, and that they are entitled to damages. The jury returned the following verdict:

1. Is the claim of the plaintiffs barred by the statute of limitations? Answer: No.

2. Was the plaintiffs' land taken by the defendant as alleged in the complaint? Answer: Yes.

3. What damage, if any, is the plaintiffs entitled to recover? Answer: $1,250.

Judgment for the plaintiffs, from which, upon exceptions, the defendant appealed.

*J. C. Lanier for appellant.*
*Gaylord & Harrell for appellees.*

ADAMS, J. At the beginning of the trial in the Superior Court the defendant moved to dismiss the action for want of jurisdiction in the court and of sufficient allegations in the complaint.

The plea to the jurisdiction is based upon certain paragraphs in the amended and consolidated charter of the defendant. Private Laws 1899, chap. 155; Private Laws 1909, chap. 18. It is there provided that when in the opinion of the board of aldermen it shall become necessary to open any new street or to reopen an old one, or to repair, enlarge, or extend one already open or in use, and it shall become necessary to take, use, or condemn any private property for such purpose, or for any other public purpose, the board of aldermen may enter upon and take possession of such needed property; also, that if the parties cannot agree upon the damages the board, the owner, or the claimant of the property may file a petition before the clerk of the Superior Court and have the damages assessed.

This provision contemplates the taking of property for public use by formal action of the board of aldermen. The plaintiffs allege a trespass and seek to recover damages. The defendant admits that it has never condemned the property or exercised the right of eminent domain, but alleged that E. A. Moye, Sr., dedicated the property to public use, that it has acquired an easement by adverse user, and that the action is barred by the statute of limitations. There was, therefore, no defect of jurisdiction. It is no less obvious that the complaint states a cause of action. The motion for nonsuit was not renewed at the conclusion of the evidence and need not be considered. The court was correct in refusing the defendant's motions.

The record, however, shows an exception to the admission of incompetent evidence which, apparently of slight import, may have been prejudicial to the defense. Mrs. Moye, one of the plaintiffs, testified that the mayor of the town, who was not a witness, requested, or at least suggested, that her attorney defer for thirty days the presentation of her claim to the board of aldermen, saying "he was sure he could get

the board to act in her favor, but . . . he thought they would turn her down unless he postponed it."

This testimony, uncontradicted and unexplained, no doubt tended to create the impression that a prominent officer of the town, presumably in touch with the administration of municipal affairs, favored the allowance of the plaintiffs' claim and that he would actively put forth his efforts and influence in her behalf. It is not unreasonable to infer that this fact may have materially affected the mind of the jury. The statement was not the testimony of the mayor when subject to cross-examination; it was hearsay, and for this reason it should have been excluded.

New trial.